UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY COLLINS,

    Petitioner,

                                Case No. 8:14-CV-2218-T-24TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

O R D E R

This cause comes on for consideration of the United States' Unopposed Motion for an Order Requiring Former Defense Counsel to Disclose Substance of Communications and to Provide Affidavit (D-8), and the United States' Unopposed Second Motion for an Extension of Time to Respond to 28 U.S.C. § 2255 Motion (D-7).

In September 2014, Petitioner filed a § 2255 motion raising various claims of ineffective assistance of counsel. First, Petitioner claims that his trial counsel failed to move for a mistrial or to move to strike the jury venire when the venire saw Petitioner in shackles. Second, he claims his counsel failed to file a pretrial motion *in limine* objecting to the admission of evidence by the Government of a September 2010 robbery and shooting involving Petitioner. Third, Petitioner argues that his counsel failed to file a motion to suppress his post arrest statements. Fourth, Petitioner claims his counsel failed to properly advise him with respect to the advisability of pleading guilty in light of the

21 U.S.C. § 851 enhancement. Finally, Collins asserts his counsel should have objected to and appealed his mandatory life sentence based on the reasoning of Alleyne v. United States, 133 S.Ct. 2151 (2013).

The Government now seeks an order requiring Petitioner's former attorneys, Mark Rankin and Mark O'Brien, to respond to Petitioner's allegations of ineffective assistance, disclose the substance of communications with Petitioner, and to provide affidavits and relevant documentary materials in their possession including records and corroborating documents, correspondence and emails, or notes. The Government is seeking the order to enable it to fully and adequately respond to Petitioner's claims of ineffective assistance of counsel. The Government also requests an additional 60 days to respond to Petitioner's § 2255 motion.

Having considered the Government's request, the Court finds that, with respect to the claims made in Petitioner's § 2255 motion, the attorney-client privilege has been waived due to Petitioner's claims of ineffective assistance of counsel.

It is therefore ORDERED that:

1) The United States' Motion for an Order Requiring Former Defense Counsel to Disclose Substance of Communications and to Provide Affidavit (D-8) is **GRANTED**. On or before **January 23, 2015,** attorneys Mark Rankin and Mark O'Brien shall produce to the Government any relevant and necessary records (including

correspondence, emails, and notes) and provide affidavits discussing their communications with Petitioner relevant to the claims Collins raises in his § 2255 motion and memorandum as set forth in the Government's motion.

2) The United States' Unopposed Second Motion for an Extension of Time to Respond to 28 U.S.C. § 2255 Motion (D-7) is **GRANTED**. The Government shall file its response to Petitioner's § 2255 motion no later than **March 6, 2015.**

DONE AND ORDERED at Tampa, Florida this 9th day of January, 2015.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE